UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PETER GERARD LONERGAN,<br><br>           Petitioner,<br>v.<br><br>JOAN FABIAN,<br><br>           Respondent. | Civil No. 10-4188 (JRT/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Petitioner Peter Gerard Lonergan ("Petitioner") is a state prisoner who has been released to intensive supervised release ("ISR"). Petitioner asserts that the Defendant, the Commissioner of the Minnesota Department of Corrections, has unlawfully detained him in violation of his due process rights and the Ex Post Facto Clause of the United States Constitution. For the reasons outlined more fully below, the Court recommends that the petition be DENIED.

## I.    BACKGROUND

A Minnesota court sentenced the Petitioner to prison for 268 months on September 21, 1991 for First Degree Criminal Sexual Conduct arising out of acts of sexual abuse against an eight year old boy. (Fink Aff. [Docket No. 6], RA 1, p. 20). Pursuant to this sentence, the Petitioner was scheduled to be released on January 3, 2014. (RA 1, p. 25). On September 7, 2006, Petitioner was released on ISR. (RA 1, p. 26). However, Petitioner violated the conditions of released imposed upon him and returned to incarceration on October 19, 2006. Id. Subsequently, on September 17, 2008, the Petitioner was re-released on ISR on September 17,

1

2008 where he remains under the supervision of the Commissioner of Corrections until his sentence expires on January 3, 2014.  (RA 1, p. 25-26).  In addition, a Minnesota Court civilly committed the Petitioner was a Sexually Dangerous person under Minn. Stat. § 253B.  In Re Civil Commitment of Lonergan, 2008 WL 2967088 (Minn. Ct. App. Aug. 5, 2008).

On November 6, 2008, the Petitioner filed a petition for writ of habeas corpus under Minn. Stat. § 589.01 in Dakota County District Court.  (RA 1, p. 2).  As relevant to the petition now before the Court, the petition in Dakota County asserted that the commissioner acted unlawfully when imposing ISR rather than releasing him early to honor his good time credits.  (RA 1, p. 52-55).  Ultimately, the Dakota County District Court denied the Petition on September 14, 2009.  Id.

Petitioner appealed the decision of the Dakota County District Court to the Minnesota Court of Appeals.  The Minnesota court of appeals affirmed the district court decision on June 22, 2010.  Lonergan v. Fabian, 2010 WL 2486050 (Minn. Ct. App.  Jun. 22, 2010).  The Court of Appeals found that "earning good time credit does not free an offender from the conditions of supervised release."  Id. at *2.  Therefore, the due process clause was not violated when the Commissioner required the Petitioner to serve the reduction of time he received for good time credits on ISR.  Additionally, the Court of Appeals determined that the imposition of ISR did not violate the Ex Post Facto Clause because "[u]nder the statute in effect when appellant committed his offense, the commissioner had the authority to assign an offender to ISR for all or part of the offender's supervised release term."  Id. at *1 (citing Minn. Stat. § 244.05, subd. 6 (1990)).

Additionally, the Petitioner is under commitment in the Minnesota Sex Offender Program by the Department of Corrections and the Department of Human Services (DHS) as a sexually dangerous person.  Id. at *3; In Re Civil Commitment of Lonergan, 2008 WL 2967088 (Minn.

Ct. App. Aug. 5, 2008). The civil commitment to the DHS would require the Defendant to remain in the DHS even if he was not required to participate in the MSOP as a condition of his release. Id.

In the present petition, the Petitioner essentially raises the same arguments which were denied by the Minnesota Court of Appeals. Here, the Petitioner contends that the Defendant is unlawfully detaining him because he is entitled to a reduction in sentence. Additionally, the Petitioner argues that requiring him to adhere to the conditions of intensive supervisions violates the Ex Post Facto Clause.[1] The Court considers Petitioner's arguments below.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) instructs federal courts to engage in a "limited and deferential review of underlying state court decisions." Mark v. Ault, 498 F.3d 775, 782-83 (8th Cir. 2007). Under the AEDPA, relief may not be granted to the petitioner unless the state court's decision

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal courts consider a decision "contrary to" precedent when a state court "arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law" or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 413 (2000). An "unreasonable application" of federal law

---

[1] Petitioner requests a hearing regarding his Petitioner for Writ of Habeas Corpus. (Docket No. 9). However, because the Petition does not present any disputed factual issues and the disposition of this case turns solely on legal issues, the Court finds a hearing unnecessary. See Shelton v. Ciccone, 578 F.2d 1241, 1245 (8th Cir. 1978) (finding that "[w]hen the facts alleged in a habeas petition would justify relief if true, or when a factual dispute arises as to whether or not a constitutional right is being denied, the District Court must grant an evidentiary hearing.").

exists when the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 408.  Federal courts "may not issue the writ simply because it 'concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.'" Lyons v. Luebbers, 403 F.3d 585, 592 (8th Cir. 2005) (quoting Williams, 529 U.S. at 411)).  During review of state court decisions, a "federal court also presumes that the state court's factual determinations are correct." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000).  A petitioner can only rebut the presumption by "clear and convincing evidence." Id.; 28 U.S.C. § 2254(e)(1).

## III.   DISCUSSION

### A.   DUE PROCESS CLAUSE

As to Petitioner's Due Process claim, he asserts that his earned good time credits entitle him to a reduction in sentence.  (Pet. [Docket No. 1], p. 5).  According to the Petitioner, by placing the Petitioner on ISR rather than releasing him without procedural due process, the Defendant has violated the Due Process Clause.  Id.  Petitioner contends that Minnesota has created a liberty interest in avoiding supervision during his "good time" through Minnesota's statutory scheme.  Id.

Under Minnesota law, an inmate serves two-thirds of the term of imprisonment incarcerated and one-third on supervised release.  Minn. Stat. § 244.01, subd. 8.  In addition, because Petitioner was sentenced for a crime committed before August 1, 1993, "the term of imprisonment . . . shall be reduced in duration by one day for each two days during which the inmate violates none of the disciplinary offense rules promulgated by the commissioner." Minn.

Stat. § 244.04, subd. 1. The statute further provides that "[t]he reduction shall accrue to the period of supervised release to be served by the inmate." Id.[2]

When neither life nor property is involved, a Due Process violation only occurs when a plaintiff's "liberty interest" has been infringed. See Wolff v. McDonnell, 418 U.S. 539, 556-558 (1974). In the prison context, a liberty interest is created by either the Due Process Clause, see Sandin v. Conner, 515 U.S. 472, 479 n. 4 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493-94, (1980)), or through a statute, Id. at 477-78, 483-84. To determine whether an inmate possesses a liberty interest, courts look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). However, the Due Process Clause does not protect a prisoner from every modification in the condition of confinement that results in an adverse impact on the prisoner. Sandin v. Conner, 515 U.S. at 484-87. Instead, a change in the condition of confinement implicates a liberty interest only when the action creates deprivations "which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences." Moorman v. Thalacker, 83 F.3d 970, 972 (8th Cir. 1996).

---

[2] The 1990 version of this statute, which the Petitioner relies upon, is essentially the same. Compare Minn. Stat. § 244.04 (2010) with Minn. Stat. § 244.04 (1990). Petitioner claims that this section does not mean that his good time credits "must be served" on supervised release. (Petr's Reply, p. 2). However, the Minnesota Court of Appeals agreed with the Defendant's construction of the statute and found that good time credits are converted to supervised release. In Lonergan, the Minnesota Court of Appeals stated that "good time is converted from confinement to supervised release." 2010 WL 2486050, at *2. The Court cannot overturn a state's interpretation of its own statute or a determination of state law. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (interpretation and application of state law is not subject to habaeas corpus review); Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005) ("Determinations of state law made by a state court are binding on a federal court in habeas proceedings"); Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998). Rather, the Court's review is limited as to whether a conviction violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, Petitioner's arguments that the Minnesota Court of Appeals' interpretation of Minn. Stat. § 244.04 is improper cannot be considered.

The AEDPA offers a framework for analyzing the state court's legal conclusions, its application of federal law, and its factual findings. 28 U.S.C. § 2254.

First, by addressing whether the Petitioner had a protected liberty interest in having his good time credits be served without being subject to ISR, the Minnesota Court of Appeal's resolution of Petitioner's claim used the correct United States Supreme Court precedent. See 28 U.S.C. § 2254.  Therefore, Petitioner cannot claim Minnesota court acted "contrary" to federal law because it applied the correct federal constitutional precedent.  28 U.S.C. § 2254.

Second, the Minnesota Court of Appeal's decision did not result in an "unreasonable application of federal law." Williams v. Taylor, 529 U.S. at 408.  The Minnesota Supreme Court correctly applied Supreme Court precedent regarding the due process clause to the Petitioner's claim.   In making its decision, the Court analyzed the Minnesota statutes governing good time credits to find that "[a]ny reduction in the term of imprisonment for good time accrues and must be served on supervised release. But earning good time does not free an offender from the conditions of supervised release." Lonergan, 2010 WL 2486050, at *2.  Moreover, as a convicted sex offender, the Commissioner "may require that an inmate convicted of a sex offense under Minn. Stat. § 609.342 (2008) be placed on ISR for 'all of the inmate's conditional or supervised release term'" and an offender on ISR "may be ordered to participate in an appropriate sex offender program as a condition of release."  Id. (citing Minn. Stat. § 244.05, subd. 6 (2008)).  Therefore, the Minnesota Court of Appeal interpreted Minnesota law to find that a sex offender could be placed on ISR as a condition of release and that Minnesota law did not create a protected liberty interest in prisoners being released on good time credits earned without being placed on ISR.  Thus, applying federal constitutional law, the Minnesota Court of

Appeals concluded that the Petitioner had no liberty interest in serving his good time credits free from supervised release. This application was not unreasonable.

Here, the Petitioner contends that the all that is left to serve on his sentence is the reduction of sentence he earned through good time credits. According to the Petitioner, the Commissioner is violating his due process rights by requiring ISR. Plaintiff cites <u>Carrillo v. Fabian</u>, 701 N.W.2d 763 (Minn. 2005) to support his argument that he has a liberty interest in not serving his good time credits on ISR. However, that case is inapposite. In <u>Carrillo</u>, the Defendant remained imprisoned for 7 days after his supervised release date. Thus, the Court held that a prisoner has a liberty interest in his date of supervised release, or the date from which he is released from prison and placed into supervised release, because Carrillo "experienced a deprivation that 'inevitably affects' the length of his term of imprisonment because his date of release from prison was extended by seven days as an immediate consequence of the disciplinary action against him." <u>Carrillo</u>, 701 N.W.2d at 773. The extension of the inmate's term of imprisonment "represents a significant departure from the basic conditions of the inmate's sentence." <u>Id</u>.

Here, in contrast, the prisoners' time in prison was not extended, rather Petitioner was released from incarceration in accordance with Minnesota law and merely placed on ISR rather than being released completely. Moreover, in <u>Carillo</u>, the Court did not hold that a prisoner has a liberty interest in serving his good time credits free of supervised release.

Petitioner had made no showing how the state's decision to require him to serve his good time credits on ISR resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the U.S. Supreme Court. For

7

these reasons, the Court recommends that the Petitioner's habeas corpus petition be denied as to these grounds.

### B. EX POST FACTO CLAUSE

Petitioner argues that his placement in ISR violated the Ex Post Facto Clause. According to the Petitioner, at the time he committed his criminal act, ISR was for community correction and probation only. (Pet., p. 6). The program under which the Plaintiff was placed on ISR was enacted after the Petitioner was sentenced. Id. Therefore, the imposition of ISR violated the Ex Post Facto Clause.

The Constitution provides that "[n]o bill of attainder or ex post facto law shall be passed." U.S. Const. Article I, § 9, cl. 3. The clause prohibits laws which, "by retroactive application, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000) (citations omitted). The Ex Post Facto Clause of the Constitution prohibits, "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Lupien v. Clarke, 403 F.3d 615, 618-19 (8th Cir. 2005) (citing Stogner v. California, 539 U.S. 607, 612 (2003)). "Even though a statute may disadvantage a defendant, it is only ex post facto if it punishes, as a crime, an act that would have been innocent under prior law, if it aggravates a crime previously committed, provides greater punishment, or if it changes the quantity of degree of proof necessary to establish guilt." Larson v. Fabian, 2007 WL 2713063, at *8 (D. Minn. Jun. 25, 2007) (citing Dobbert v. Florida, 432 U.S. 282, 294 (1977); Collins v. Youngblood, 497 U.S. 37, 52 (1990)(to constitute an ex post facto law, a statute must: (1) punish as a crime an act which was innocent when committed; (2) increase the burden of punishment for a crime after its commission; or (3) deprive one charged with a crime of a defense that was available when it was committed)).

As to this issue, using the framework of the AEDPA, the Minnesota Court of Appeals correctly applied the federal constitutional standards regarding the ex post facto clause. See Lonergan, 2010 WL 2486050, at *1 (finding that "[a]n ex post facto law renders an act punishable in a manner in which it was not punishable when it was committed.").

Additionally, the Minnesota Court of Appeal's decision does not constitute an "unreasonable application of federal law." Williams, 529 U.S. at 408. The Minnesota Court of Appeals found that "[u]nder the statute in effect when [Petitioner] committed his offense, the commissioner had the authority to assign an offender to ISR for all or part of the offender's supervised-release term." Lonergan, 2010 WL 24806050, at * 1 (citing Minn. Stat. § 244.05, subd. 6 (1990).[3] This interpretation by the Minnesota Court of Appeals of a Minnesota Statute cannot be reviewed by this Court. See Larson, 2007 WL 2713063, at *8 ("Since the requirement of sex offender treatment involved application of state law it is not subject to federal habeas review.") (citing Lupien, 403 F.3d at 619). Instead, the Court may only analyze whether this

---

[3] Petitioner contends that the imposition of the 1990 version only allowed "intensive community supervision." (Petr's Reply, pp. 4-5). However, Minnesota courts interpret the statutes regarding intensive community supervision to also authorize ISR. In Larson v. Fabian, 2006 WL 1320474 (Minn. Ct. App. 2006), the Minnesota Court of Appeals addressed the same question presented here, namely whether placing a prisoner sentenced under the 1990 statute could be placed on ISR without a violation of the Ex Post Facto Clause. The Court reasoned that

> [u]nder the laws in existence when Larson was sentenced for his various crimes, the commissioner of corrections had broad authority to adopt rules regarding the supervision and release of prison inmates. Minn. Stat. § 243.05, subds. 1(d), 2 (1990). That authority included the discretion to impose intensive community supervision for all or a portion of an inmate's supervised-release term. Minn. Stat. § 244.12, subd. 1 (1990). Thus, at the time Larson was convicted, the commissioner had legal authority to require supervised release for his "parole" term and to impose intensive supervision in the community. A later codification of that authority and the commissioner's application of the new statute did not violate the ex post facto law prohibition, Minn.Stat. § 244 .05, subd. 6 (2002), for two reasons. First, that authority previously existed.

Larson, 2006 WL 1320474, at *2. As such, "[b]ecause the commissioner had the authority at the times of Larson's conviction to require the type of supervised release that eventually came to be described in a statute, there was no ex post facto violation. Id. As discussed above, the Court is bound by the Minnesota Court's interpretation of Minnesota statutes and must defer to the Minnesota Court of Appeal's legal determination that the Commissioner had the authority under both the 1990 version of the Minnesota Statutes and the 2002 version of the Minnesota Statutes to confer ISR on a prisoner placed on ISR who was sentenced under the 1990 version of the Minnesota Statutes. Consequently, based on Minnesota's court's statutory interpretation, the statutes creating intensive community supervision allows the Commissioner to a place a prisoner on ISR.

interpretation violates the federal constitution, in this case, as argued by the Petitioner, the Ex Post Facto Clause. Since the Minnesota Court of Appeals found that the law <u>at the time the Petitioner was sentenced</u> allowed him to be placed on ISR, the Ex Post Facto Clause was not violated. <u>See</u> also <u>Larson</u>, 2006 WL 1320474, at *2 (finding that under the 1990 version of the Minnesota Statutes, the Commissioner had the authority to require the type of supervised release that eventually became ISR).

Even if the Court was not constrained to the interpretation of state law provided by the Minnesota Court of Appeals, it nevertheless would find that the placement of the Petitioner in ISR did not violate the Ex Post Facto Clause. The placement in ISR does not add additional punishment, such as an additional sentence beyond that which the court already imposed upon the Petitioner at sentencing. The commissioner has not added any additional punishment for the original the Petitioner was sentenced. Petitioner is still sentenced to 268 months imprisonment. The only result of the Commissioner's placement of the Petitioner is ISR is that he is faced with additional conditions upon his release. Thus, the imposition of ISR does not violate the Ex Post Facto Clause.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED:**

1. That Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] be DENIED.

2. The Petitioner's Motion for Hearing on Petition for Writ of Habeas Corpus [Docket No. 9] be DENIED.

Dated: October 13, 2011                                      <u>s/Leo I. Brisbois</u>
                                                             LEO I. BRISBOIS
                                                             United States Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 27, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.