UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PETER GERARD LONERGAN, | Civil No. 10-4188 (JRT/LIB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| JOAN FABIAN, Commissioner, | |
| Respondent. | |

Peter Gerard Lonergan, 134611, 1111 Highway 73, Moose Lake, MN 55767, petitioner *pro se*.

Krista Jean Guinn Frank and Brent D. Wartner, **MINNESOTA DEPARTMENT OF CORRECTIONS,** 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108; and Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondent.

Peter Gerard Lonergan, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In a Report and Recommendation dated October 14, 2011, United States Magistrate Judge Leo I. Brisbois recommended that the Court deny Lonergan's petition because Lonergan failed to demonstrate that the state court's interpretation of a state statute resulted in a violation of either the Due Process Clause or the Ex Post Facto clause. (Docket No. 12.) Lonergan filed timely objections to the Report and Recommendation ("R&R"). The Court has conducted a *de novo* review of Lonergan's objections to the R&R pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.2. Because the Court finds that the state court correctly applied federal constitutional standards and did not unreasonably apply federal law, the Court will

overrule Lonergan's objections and adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND[1]

In 1991, Lonergan was found guilty of first-degree criminal sexual conduct against a minor. *State v. Lonergan*, 505 N.W.2d 349, 351 (Minn. Ct. App. 1993) (affirming). He was sentenced to 268 months in prison, resulting in a scheduled release date of January 3, 2014. (Aff. of Krista G. Fink, Respondent's Appendix 1 (RA1) at 25, Nov. 12, 2010, Docket No. 6.) On September 7, 2006, Lonergan was released on intensive supervised release ("ISR"). (*Id.*, RA1 at 26.) He violated the conditions of that release and was returned to prison on October 19, 2006. (*See id.*) On September 17, 2008, Lonergan was released for a second time on ISR, and he remains under the supervision of the Commissioner of Corrections until his sentence expires in 2014. (*Id.*, RA1 at 25-26.) Lonergan is not challenging his criminal sexual conduct conviction.

In November 2008, Lonergan filed a petition for writ of habeas corpus in state district court. (*Id.*, RA1 at 2.) He asserted that the commissioner acted unlawfully by ordering ISR rather than reducing his sentence and releasing him early to honor his "good time credits." (*Id.*) The state district court denied the petition in September 2009. (*Id.*, RA1 at 52-55.) Lonergan appealed to the Minnesota Court of Appeals. *Lonergan v. Fabian*, No. A09-1886, 2010 WL 2486050, at *1 (Minn. Ct. App. June 22, 2010). The court of appeals affirmed the district court decision, finding no violation of the due

---

[1] The Court only recites the facts necessary to rule on Lonergan's specific objections to the R&R. For a complete recitation of the facts, see R&R at 1-3.

process clause because Lonergan's "good time credits" entitled him to supervised release − not full release.  *Id.* at *2.  The state court of appeals also held that Lonergan failed to establish a violation of the prohibition against ex post facto laws because the Commissioner had the authority to assign Lonergan to ISR under "the statute in effect when appellant committed his offense." *Id.* at *1.

On October 8, 2010, Lonergan filed a petition seeking federal habeas relief under 28 U.S.C. § 2254.  (Docket No. 1.)  He again asserts that his "good time credits" entitle him to a reduction in sentence and that the Minnesota courts "revoked" his "good time credits" without affording him procedural due process rights.  Additionally, he contends that the Minnesota state courts interpreted Minnesota law in a way that violates the Ex Post Facto Clause.  The Magistrate Judge determined that there was no violation of the Due Process Clause or Lonergan's ex post facto rights and recommended that this action be dismissed.

## DISCUSSION

### I.     STANDARD OF REVIEW

A state prisoner may petition for habeas relief if "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

A state court decision is contrary to clearly established **federal law** under § 2254(d) if the "state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court unreasonably applies clearly established federal law if "the state court identifies the correct governing legal rule from th[e] [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. To warrant habeas relief under § 2254(d)(1), the state court's misapplication of the federal law must have been "objectively unreasonable." *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).

A federal court cannot overturn a state's interpretation of its own statute or a determination of **state law**. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In short, federal habeas review is limited to determining whether the state court's finding "violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

## II.   LONERGAN'S OBJECTIONS

In his petition and his objection to the R&R, Lonergan asserts that the Minnesota courts' decision was contrary to federal law because it violated both the Due Process Clause and the Ex Post Facto Clause.

### A. Due Process Clause

Lonergan asserts that his earned "good time credits" entitle him to early release and that Minnesota created a liberty interest through its statutory scheme creating "good time credits." According to Lonergan, his "good time credits" entitle him to early release from **all** custody, not just early release from prison. He contends that the state court's finding that Minn. Stat. § 244.01 mandates he serve his remaining sentence in ISR was a revocation of his liberty interest without due process of law. Lonergan objects that the R&R did not address whether Minnesota's interpretation of Minn. Stat. § 244 violated the Constitution.

To successfully prove a violation of his due process rights in the prison context, Lonergan must identify a liberty interest that is protected by the Due Process Clause of the United States Constitution or created by a statute. *Sandin v. Conner*, 515 U.S. 472, 477-78, 478 n.4 (1995). Only if there is a recognizable liberty interest does the Court inquire as to whether the procedures attendant to that deprivation were constitutionally deficient. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). An inmate does not have a protected liberty interest in the possibility of parole release under the federal constitution. *Greenholtz v. Inmates of Neb. Penal & Corr.,* 442 U.S. 1, 9-11 (1979); *Nolan v. Thompson,* 521 F.3d 983 (8th Cir. 2008). Nevertheless, states can, by statute, create a constitutionally protected liberty interest in early release. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Carrillo v. Fabian*, 701 N.W.2d 763 (Minn. 2005) (determining that Minnesota's statutory scheme creates a liberty interest in a prisoner's supervised release date). Lonergan asserts that Minn. Stat. § 244.04, subd. 1 (1990),

created a liberty interest in his complete release during the period encompassed by his "good time credits."

The Minnesota Court of Appeals addressed whether Lonergan's "good time credits" created a protected liberty interest, as defined by the Supreme Court. *Lonergan*, 2010 WL 2486050, at *2. First, it found that the "good time credits" created by Minn. Stat. § 244.01, subd. 1, "converted [time] from confinement to supervised release." *Id.* (citing Minn. Stat. § 244.05, subd. 1 (2008)). The court held that any "reduction in the term of imprisonment for good time accrues and must be served on supervised release." *Id.* The state court decision that "good time credits" do not entitle a prisoner to earlier **complete** release is a matter of state law[2] and this Court is bound by this determination. Lonergan's arguments for different interpretations of Minn. Stat. § 244 are "questions of state law that have been decided by a state court" and therefore cannot be reviewed by a federal court. *Lupien v. Clark*, 403 F.3d 615, 619 (8th Cir. 2005).

Second, applying federal constitutional law, the state court analyzed whether the statute created a liberty interest. The state court considered the correct United States Supreme Court precedent. *See Lonergan*, 2010 WL 2486050, at *2 (citing *Ky. Dept. of Corr. v. Thomson*, 490 U.S. 454, 460 (1989)). The state court applied this precedent to the facts of Lonergan's case, looking at the "nature" of the claimed interest, and reasonably concluded that Lonergan did not have a legitimate claim of entitlement to complete early release under its interpretation of Minn. Stat. § 244. *See id.* The Court

---

[2] In contrast, in *Carrillo v. Fabian*, the Minnesota Supreme Court held that prisoners have a protected liberty interest in their **supervised** release date, and that changes in this date as a result of disciplinary offenses that effect "good time credits" triggered a right to procedural due process. 701 N.W.2d 763, 773 (Minn. 2005).

agrees with the Magistrate Judge's determination that the state court's decision was not contrary to clearly established federal law. Consequently, the Court finds that the Minnesota statutes did not create a liberty interest in an earlier complete release date; therefore, Lonergan's Due Process rights were not violated, and Lonergan's habeas corpus petition on this ground will be denied.

### B.    Ex Post Facto Clause

Lonergan asserts that the Minnesota courts' use of the 2008 version of Minn. Stat. §§ 244.01 to 244.05 (2008) in its analysis of the validity of his ISR is a violation of the Ex Post Facto Clause.[3] Lonergan asserts that the 1990 versions of the statutes apply to his crime and that under these statutes ISR was not authorized. Application of a later-in-time statute is considered an ex post facto violation if it (1) punishes as a crime an act that was not a crime when committed; (2) increases the burden of punishment for a crime, after its commission; or (3) deprives one charged with a crime of a defense available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990). The Court agrees with the Magistrate Judge that Lonergan has failed to demonstrate that the Minnesota Court of Appeals incorrectly applied federal constitutional standards or unreasonably applied federal law.

The Minnesota Court of Appeals determined that the amendments to Minn. Stat. § 244.05 did not increase the commissioner's already-existing authority under the 1990

---

[3] Lonergan asserts that the Court has failed to consider the pertinent statutes from 1990 because he was unable to produce them. The Court has access to the relevant statutes and their amendments and has given them careful consideration.

version. Moreover, the state court determined that Minn. Stat. § 244.05, subd. 6 (1990)[4], allowed the commissioner to assign a prisoner to serve his supervised release term under ISR. *Lonergan*, 2010 WL 2486050, at *1.

Lonergan objects that the Minnesota Court of Appeals also inappropriately relied on Minn. Stat. §§ 244.01, 244.04, 244.05 (2008) in determining the type of reduction he received for his "good time credits." However, the Court of Appeals determined that none of "the ISR statutes at issue are ex post facto in nature." *Lonergan*, 2010 WL 2486050, at *1. Although the state court cited to the current version of the statute when discussing the bounds of the commissioner's authority, *id.* at *2, it had already held that **the commissioner's authority was established by Minn. Stat. § 244.05, subd. 6 (1990)**. *Id.* at *1. The state court's citation to (and the commissioner's application of) a later codification of this pre-existing authority is not a violation of the ex post facto prohibition. *See Larson v. Fabian*, 2006 WL 1320474, at *2 (Minn. Ct. App. 2006) ("[T]he commissioner of corrections had broad authority to adopt rules regarding the supervision and release of prison inmates . . . A later codification of that authority and the commissioner's application of the new statute did not violate the ex post facto law prohibition. . . .").

The authority of the commissioner to assign ISR under Minn. Stat. 244.05 (1990) is an interpretation by the Minnesota Court of Appeals of Minnesota law. This Court will not reconsider it. *See Lewis*, 497 U.S. at 780; *Lupien*, 403 F.3d at 619. Lonergan objects,

---

[4] "The commissioner may order that an inmate be placed on intensive community supervision . . . for all or part of the inmate's supervised release term." Minn. Stat. § 244.05, subd. 6 (1990).

however, that the R&R failed to consider whether Minnesota's interpretation of the statutes violated the Constitution.[5] This Court agrees with the Magistrate Judge that the Minnesota Court of Appeals applied the appropriate federal standard regarding the application Ex Post Facto Clause. *See Lonergan*, 2010 WL 2486050, at *1 (citing the U.S. Const., art. I, § 10). Given its determination that the state law at the time Lonergan was sentenced allowed him to be placed in ISR, the Minnesota Court of Appeals reasonably concluded that the ex post facto prohibition does not apply. Because the Court concludes that Lonergan's ex post facto rights were not violated, Lonergan's habeas corpus petition on this ground will be denied.

## III. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the issues

---

[5] Lonergan cites to *Dahl v. Weber* to support his assertion that taking away the "good time credits" of a prisoner who had been convicted before passage of the amendment to the relevant South Dakota statute was a violation of the ex post facto prohibition. 585 F. Supp. 2d 1131, 1137 (D.S.D. 2008), *rev'd in part by*, 580 F.3d 730 (8th Cir. 2009). The amendment to the South Dakota statute changed the calculation of good time credits. *See id.* In contrast, the amendment to the Minnesota statute did **not** change the accrual rate of "good time credit" or change the authority of the commissioner to impose ISR during the "good time credit" period. *See Lonergan*, 2010 WL 2486050, at *1.

raised in Lonergan's § 2254 petition debatable, or that some other court would decide this petition differently.  The Court further concludes that the issues do not warrant further proceedings, and therefore declines to grant a Certificate of Appealability.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the petitioner's objections [Docket No. 13] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 12] dated October 14, 2011.  **IT IS HEREBY ORDERED** that

1. The petition for a writ of habeas corpus [Docket No. 1] is **DENIED**.

2. The motion for a hearing on the petition for a writ of habeas corpus [Docket No. 9] is **DENIED**.

3. For the purposes of appeal, the Court does not grant a certificate of appealibility under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: December 30, 2011  
at Minneapolis, Minnesota.

          s/ John R. Tunheim  
          JOHN R. TUNHEIM  
          United States District Judge